IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION FILE NO.: 08-CV-556

| | |
|---|---|
| CAROLINA PREMIER BANK,     )<br>      Plaintiff         )<br>                          )<br>      v.                   )<br>                          )<br>PALMETTO BANK,           )<br>      Defendant     )  | **COMPLAINT** |

Plaintiff Carolina Premier Bank, complaining of Defendant Palmetto Bank, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Carolina Premier Bank ("Carolina Premier") is a corporation organized and existing pursuant to the laws of the State of North Carolina, and it maintains a principal place of business in Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant Palmetto Bank ("Palmetto") is a corporation organized and existing pursuant to the laws of the State of South Carolina, and it maintains a principal place of business in Spartanburg, South Carolina.

3. Palmetto has engaged in certain business transactions with North Carolina residents and concerning real property in the Western District of North Carolina including, among other things, the Sutters Mill transaction as discussed herein.

4. A substantial part of the events and omissions giving rise to this action occurred in the Western District of North Carolina.

5. This action asserts claims by Carolina Premier against Palmetto for, among other things, breach of contract.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

7. This Court has jurisdiction over the subject matter of this matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

8. This Court has in personam jurisdiction over the parties.

9. Venue is proper in this District under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

10. Upon information and belief, Sutters Mill, LLC ("Sutters Mill") is a limited liability company organized and existing pursuant to the laws of the State of North Carolina and having a principal place of business in Charlotte, North Carolina.

11. Upon information and belief, Sutters Mill is in business of, among other things, the development of certain real estate in Iredell County, North Carolina.

12. Upon information and belief, the manager of Sutters Mill is LandCraft Management, LLC ("LandCraft"). Upon information and belief, LandCraft manages several business entities in North and South Carolina that are in the business of, among other things, the development of real property.

13. Upon information and belief, in or about the year 2007, Palmetto began discussions with Sutters Mill about the provision of a loan in furtherance of the development activities of Sutters Mill in Iredell County.

14. On or about November 15, 2007, Palmetto entered into a Business Loan Agreement with Sutters Mill (the "Business Loan Agreement"). Pursuant to the Business Loan Agreement, Palmetto agreed to loan Sutters Mill a principal amount not to exceed Ten Million Four Hundred Thousand and No/100 Dollars ($10,400,000.00) (the "Sutters Mill Loan").

15. A true and accurate copy of the Business Loan Agreement is attached as Exhibit A and is incorporated herein by reference as if fully set forth.

16. Also on or about November 15, 2007, Sutters Mill executed a Promissory Note to Palmetto (the "Note") promising repayment of the Sutters Mill Loan, plus interest.

17. A true and accurate copy of the Note is attached as Exhibit B and is incorporated herein by reference as if fully set forth.

18. On or about November 13, 2007, Palmetto and Carolina Premier entered into a Participation Agreement providing for Carolina Premier's participation in the Sutters Mill Loan transaction.

19. A true and accurate copy of the Participation Agreement is attached hereto as Exhibit C and incorporated herein by reference as if fully set forth.

20. The Participation Agreement provided, among other things, that Carolina Premier's participation interest in the Sutters Mill Loan was not to exceed Five Hundred Thousand and No/100 Dollars ($500,000.00), or 4.81% of the Loan.

21. From December 2007 through August 2008, Palmetto made certain advances on the Sutters Mill Loan to Sutters Mill pursuant to draw requests by Sutters Mill.

22. Upon information and belief, the total amount advanced under the Sutters Mill Loan as of August 2008 was Three Million Nine Hundred Forty-Seven Thousand Twenty-Four and 04/100 Dollars ($3,947,024.04).

23. Of the total amount advanced to Sutters Mill, Carolina Premier advanced One Hundred Eighty-Nine Thousand Seven Hundred Sixty and 77/100 Dollars ($189,760.77) pursuant to the Participation Agreement.

24. Default occurred under the Business Loan Agreement in or about June 2008.

25. In or about June 2008, the architect for the Sutters Mill project, Arcadis U.S., Inc. ("Arcadis"), filed a Claim of Lien against the collateral for the Sutters Mill Loan and Business Loan Agreement.

26. This event and/or other conduct by Sutters Mill triggered default under the Business Loan Agreement for the following reasons, among others:

    a. Arcadis had not properly been paid from advances made on the Loan;

    b. Sutters Mill failed properly to notify its lender of material changes in the condition of Sutters Mill and/or the Sutters Mill project;

    c. Sutters Mill failed properly to notify its lender of any potential claims against Sutters Mill;

    d. Sutters Mill was not using all Loan proceeds for Sutters Mill's business operations and/or the Sutters Mill project;

e. Sutters Mill failed to obtain effective Lien Waivers required under the Business Loan Agreement;

f. Sutters Mill transferred, mortgaged and/or pledged Sutters Mill's assets and the collateral without the consent of the lender;

g. Sutters Mill was in default of agreements with third parties; and

h. Such other reasons as may be proven in discovery or at trial.

27. As a result of the uncured default, Palmetto had no further obligations to make advances under the Sutters Mill Loan.

28. As a result of the uncured default, Palmetto had the right to terminate the Sutters Mill Loan and take possession or control of the collateral.

29. However, Palmetto continued to make loan advances to Sutters Mill following the filing of the Claim of Lien by Arcadis.

30. Palmetto did not terminate the Sutters Mill Loan or declare it to be in default for over three (3) months following the filing of the Claim of Lien by Arcadis.

31. Palmetto unlawfully has demanded that Carolina Premier continue to advance funds for the Sutters Mill Loan in an effort to keep the defaulted Loan under "performing" status.

32. Upon information and belief, as of the present date, construction has not begun on the Sutters Mill project.

33. Public records reflect that fifteen (15) entities related to LandCraft, the manager of Sutters Mill, have filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

34. Upon information and belief, Palmetto is the primary construction lender on at least one of the projects on which a LandCraft-related entity has filed for bankruptcy protection.

35. Various pleadings filed within the bankruptcy cases of the LandCraft-related entities have alleged fraud on the part of LandCraft and its affiliated entities and principals.

36. Eastwood Construction Co., Inc. ("Eastwood") has entered into contracts with LandCraft to purchase a substantial number of lots in many of LandCraft's real estate developments.

37. Thus, the viability of the LandCraft-related entities (including Sutters Mill) was dependent, at least in part, on the continuing relationship between LandCraft and Eastwood.

38. Filings within the bankruptcy cases of the LandCraft-related entities reveal that Eastwood has alleged fraud against LandCraft and other LandCraft-related entities and has refused to purchase further lots from any LandCraft-related entities.

39. Notwithstanding the foregoing, Palmetto unlawfully has demanded that Carolina Premier continue to advance funds for the Sutters Mill Loan in an effort to keep the defaulted Loan under "performing" status.

## FIRST CLAIM FOR RELIEF
### [Breach of Contract]

40. Carolina Premier incorporates herein by reference the allegations contained in Paragraphs 1 through 39 of this Complaint as if fully set forth.

41. The Participation Agreement between Palmetto and Carolina Premier constitutes a valid and enforceable contract.

42. The Participation Agreement between Palmetto and Carolina Premier contains mutual promises and was supported by consideration.

43. All conditions precedent to Carolina Premier's initiation of this action have been performed or have occurred.

44. The Participation Agreement included the following obligations of Palmetto to Carolina Premier, among others:

 a. Paragraph 4(b) requires that Palmetto will exercise prudent care in administering, holding, and collecting the obligation and collateral for the Sutters Mill Loan;

 b. Paragraph 4(c) prohibits Palmetto from waiving any default, granting any extension of time for performance, or granting any forbearance under the Business Loan Agreement without the prior written consent of Carolina Premier;

 c. Paragraph 4(d) prohibits Palmetto from demanding that Carolina Premier advance funds for the Sutters Mill Loan in the absence of Sutter's Mill's satisfaction of any and all conditions precedent for an advance under the Business Loan Agreement; and

 d. Paragraph 4(e) provides that upon default by Sutters Mill under the Business Loan Agreement, Palmetto timely shall accelerate the maturity, demand payment, and take appropriate action to collect or recover the collateral.

45. Palmetto substantially and materially has breached the Participation Agreement by failing and refusing to perform in accordance with the obligations set forth in the preceding paragraph, among others.

46. As a result of Palmetto's substantial and material breach of the Participation Agreement, Carolina Premier has demanded that Palmetto reimburse it for the advances made to date in connection with the Sutters Mill Loan in the approximate amount of One Hundred Eighty-Nine Thousand Seven Hundred Sixty and 77/100 Dollars ($189,760.77).

47. As of the date of this filing, Palmetto has failed and refused to remit such funds to Carolina Premier.

48. As a direct and proximate result of Palmetto's substantial and material breach of contract, Carolina Premier has been financially damaged.

49. Carolina Premier is entitled to a Judgment in the approximate amount of One Hundred Eighty-Nine Thousand Seven Hundred Sixty and 77/100 Dollars ($189,760.77), plus interest, as a direct and proximate result of Palmetto's substantial and material breach of contract.

### SECOND CLAIM FOR RELIEF
[Negligence]

50. Carolina Premier incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of this Complaint as if fully set forth.

51. Palmetto owed a duty to Carolina Premier to exercise reasonable care in its oversight and handling of the Sutters Mill Loan and Business Loan Agreement, including, among other things:

    a. The duty to investigate and discover material facts adversely affecting or constituting a default under the Business Loan Agreement;

    b. The duty seasonably to notify Carolina Premier of material facts adversely affecting or constituting a default under the Business Loan Agreement;

  c. The duty to take such action under the Business Loan Agreement and related documents as was prudent under the circumstances to protect the interests of Carolina Premier;

  d. The duty to refrain from waiving, excusing, or perpetuating the default of Sutters Mill under the Business Loan Agreement;

  e. The duty to refrain from further demands for asset advances by Carolina Premier in the face of Sutter Mill's default; and

  f. Such other duties as may be established in discovery or at trial.

52. Palmetto has breached the duties set forth in the preceding paragraph, among others.

53. As a direct and proximate result of Palmetto's breach of legal duties, Carolina Premier has been financially damaged.

54. Carolina Premier is entitled to a Judgment in the approximate amount of One Hundred Eighty-Nine Thousand Seven Hundred Sixty and 77/100 Dollars ($189,760.77), plus interest, as a direct and proximate result of Palmetto's breach of its legal duties.

### THIRD CLAIM FOR RELIEF
**[Declaratory Judgment]**

55. Carolina Premier incorporates herein by reference the allegations contained in Paragraphs 1 through 54 of this Complaint as if fully set forth.

56. Palmetto has demanded that Carolina Premier advance additional funds for the Sutters Mill Loan, notwithstanding Sutters Mill's default under the Business Loan Agreement.

9

Case 3:08-cv-00556-RJC -CH Document 1 Filed 12/04/08 Page 9 of 11

57. Palmetto has taken the position that Carolina Premier is "in default of [its] obligations related to the Participation Agreement" by refusing to make further advances, notwithstanding Sutters Mill's default under the Business Loan Agreement.

58. However, the Participation Agreement does not require Carolina Premier to make further advances given Sutter Mill's default under the Business Loan Agreement.

59. An actual and ongoing controversy exists between Carolina Premier and Palmetto regarding Carolina Premier's obligations (if any) to make further advances under the Participation Agreement.

60. Pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Carolina Premier seeks to have the Court declare the respective obligations of the parties under the Participation Agreement.

61. Carolina Premier requests that the Court enter judgment in this case pursuant to 28 U.S. C. §2201 et seq. declaring that it fully has complied with its obligations under the Participation Agreement, that it has no obligation to make further advances under the Participation Agreement, and that Palmetto has breached the Participation Agreement.

WHEREFORE, Plaintiff Carolina Premier Bank respectfully prays unto the Court as follows:

1. That Carolina Premier have and recover judgment against Palmetto for money damages in an amount in approximate amount of One Hundred Eighty-Nine Thousand Seven Hundred Sixty and 77/100 Dollars ($189,760.77) (the exact amount of which will be proven at trial), plus interest, for breach of the Participation Agreement and/or Palmetto's other legal duties;

2. That the Court enter judgment in this case pursuant to 28 U.S. C. §2201 et seq. declaring that Carolina Premier has fully complied with its obligations under the Participation Agreement, that it has no obligation to make further advances under the Participation Agreement, and that Palmetto has breached the Participation Agreement

3. That the costs of this action (including reasonable attorneys' fees as permitted by law) be taxed against Palmetto; and

4. That Carolina Premier have and recover such other and further relief as the Court may deem just and proper.

This the 4th day of December, 2008.

>   */s/Paul A. Fanning*
>   Paul A. Fanning
>   N.C. State Bar I.D. No.: 025477
>   E-mail: paf@wardandsmith.com
>   */s/E. Bradley Evans*
>   E. Bradley Evans
>   N.C. State Bar I.D. No.: 028515
>   E-mail: ebe@wardandsmith.com
>   For the firm of
>   Ward and Smith, P.A.
>   Post Office Box 8088
>   Greenville, NC  27835-8088
>   Telephone:  (252) 215-4000
>   Facsimile:  (252) 215-4077
>   Attorneys for Carolina Premier Bank

060914-00014-001
GVMAIN\495689\1